[Cite as *Thompson v. Downing*, 2013-Ohio-1051.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EMILY ELISABETH THOMPSON, ET AL. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| DARREN RAY DOWNING | : | Case No. 2011 AP 10 0038 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2008 PA 00256


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        March 18, 2013


APPEARANCES:

For Plaintiffs-Appellants        For Defendant-Appellee

DAN GUINN        MARK EDWARD STONE
118 West High Avenue        3836 Dayton-Xenia Road
New Philadelphia, OH  44663        Beavercreek, OH  45432

*Farmer, J.*

{¶1}   Appellant, Emily Thompson, and appellee, Darren Downing, have a child together, A.T., born April 29, 2008.  The parties were never married.  Since 2011, appellee has had temporary custody of the child.

{¶2}   On May 19, 2011, appellee filed a motion for change of custody.  On June 14, 2011, the child's maternal grandmother, appellant, Gayle Thompson, filed a motion for custody.  Hearings before a magistrate and the trial court were held on July 22 and 26, 2011 and September 1, 2011.  By judgment entry filed September 2, 2011, the trial court granted appellee legal custody of the child.

{¶3}   Appellants filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "APPELLANTS WERE DENIED DUE PROCESS OF LAW AND THE RIGHT TO A FAIR TRIAL WHERE THE COURT EXHIBITED BIAS TOWARDS THEM THROUGHOUT THE PROCEEDINGS."

II

{¶5}   "THE COURT ABUSED ITS DISCRETION IN AWARDING THE APPELLEE CUSTODY OF THE MINOR CHILD."

I

{¶6}   Appellants claim they were denied a fair hearing on the issue of legal custody because the magistrate at the July 22, 2011 exhibited bias and shaped the case in favor of appellee.  We disagree.

{¶7}    First, we note a request to the Chief Justice of the Supreme Court of Ohio to recuse the trial court was never made.  See, Section 5(C) of Article IV of the Ohio Constitution.   Second, the testimony taken during the July 22, 2011 hearing never resulted in a final order.  In fact, based upon various motions filed by appellant Gayle Thompson and her boyfriend, Richard Lanzer, on July 25 and 26, 2011, the magistrate stayed the proceedings on July 29, 2011.  By judgment entry filed August 5, 2011, the trial court ruled on the various motions and set a trial court hearing on the issue of custody for September 1, 2011, thereby relieving the magistrate from ruling.  The trial court gave each party a transcript of the July 22, 2011 hearing and considered the testimony therein.  September 1, 2011 T. at 1.  During the September 1, 2011 hearing, appellant Gayle Thompson and a witness, Tommy Cannon, an investigator for Tuscarawas County Job and Family Services, both testified.

{¶8}    The thrust of appellants' claims of bias during the July 22, 2011 hearing centered around the mode of questioning.  Appellants claim the magistrate assisted appellee by asking additional questions and shaping the case in his favor and did not assist them.

{¶9}    Upon review of the questioning in the transcript as argued by appellants, we find no showing of bias.  In fact, one exchange between appellant Gayle Thompson and the magistrate illustrates an attempt by the magistrate to explain the rules of evidence and to assist her in her testimony.  July 22, 2011 T. at 39-40.

{¶10}  During appellant Gayle Thompson's testimony, the magistrate expressed concern over "scream therapy" Mr. Lanzer used with the child.  *Id.* at 55-56.  However,

the magistrate permitted appellant to proceed into a long discourse on the care and treatment of the child in her home.

{¶11} After appellant Gayle Thompson's testimony about "scream therapy" and its value, the magistrate questioned Mr. Lanzer about the therapy he performs and his qualifications. *Id.* at 90-92. As a result of the testimony regarding "scream therapy," the magistrate ordered supervised visitation and Mr. Lanzer proceeded to interrupt and argue with the magistrate. *Id.* at 92-93.

{¶12} Upon review, we fail to find that any of the dialogue between the magistrate and appellant Gayle Thompson and her witnesses had any substantial outcome on the trial court's final order.

{¶13} Appellants also argue the trial court was biased in setting down ground rules at the beginning of the September 1, 2011 hearing at 3:

COURT: Okay, just, Ma'am, here's, we're going to lay down some ground rules, okay? Now you and I, um, as we go on, you and I aren't going to argue about anything, okay? You're not going to interrupt me when I'm speaking, you're going to let me finish. I'm going to let you present whatever evidence you want to present today, um, but you need to understand that when I indicate a decision about something you're going to have to accept that. Your recourse for any legal decision you do not like lies in your ability to file an appeal with an appellate court, and you're certainly free to do that, and I certainly would encourage you to take advantage, uh, of that appellate process on your behalf. Now listen to

what I'm saying, okay? That's what you have to do to get a transcript. If you do no longer want the transcript that's fine too, but you're going to have to indicate that in writing, alright? Do you understand what I'm saying about the transcript?

{¶14} Upon review, we find the trial court's statements are consistent with Evid.R. 611(A) which states, "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

{¶15} Assignment of Error I is denied.

II

{¶16} Appellants claim the trial court erred in awarding appellee legal custody of the child. We disagree.

{¶17} During the July 22, 2011 hearing at 6, appellant Emily Thompson stipulated to a change of circumstances and the hearing proceeded to best interests of the child.

{¶18} The trial court had before it two motions for change of custody, one filed by the child's natural father, appellee herein, and the other filed by the child's maternal grandmother, appellant Gayle Thompson. In *In re Perales,* 52 Ohio St.2d 89 (1977), syllabus, the Supreme Court of Ohio held the following:

In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child.

{¶19} The choice of taking custody away from a natural parent in favor of a non-parent, albeit a grandmother, has a very high bar. The issue of unsuitability of the natural parent is an extreme burden.

{¶20} In this case, the trial court was faced with two different and divergent stories by appellant Gayle Thompson and appellee. The claims of abuse of the child at the hands of appellee were investigated by Tommy Cannon of Tuscarawas County Job and Family Services and were found to be unsubstantiated. September 1, 2011 T. at 25-27. There were no concerns about appellee being the custodian of the child. *Id.* at 27.

{¶21} Undoubtedly, appellant Gayle Thompson is a caring and loving grandmother who in her own mind has the best interests of the child at heart. She explained at length the loving and caring relationship she has with the child, who she calls her "heartbeat." July 22, 2011 T. at 54. However, appellee also presented testimony via his brother and father that he has a good and loving relationship with his

child. *Id.* at 10-11, 14-15. Appellee's interaction with his child and his disciplining of his child are appropriate. *Id.* at 15-18.

{¶22} Each party presented arguments that the child was aggressive after being with the other. However, Mr. Lanzer, appellant Gayle Thompson's live-in boyfriend, claims he is a practitioner of holistic medicine and is a "Nemenhah Medicine Man by adoption." *Id.* at 57; Petitions filed August 17, 2011. He uses "scream therapy" to adjust any problem areas perceived by him. July 22, 2011 T. at 90-93.

{¶23} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶24} The guardian ad litem filed a written report on September 1, 2012. The report is minimal as to appellant Gayle Thompson as she refused to cooperate once she was informed she could not record the conversation. The guardian noted appellee's parenting abilities would be limited given that he was in the National Guard and was scheduled to be deployed overseas for at least one year. The guardian also noted appellee appears to be a very stable person although his lifestyle would suggest otherwise (parenting three children with three different mothers). The guardian recommended the paternal grandparents "are the best custodians at this time and this can and has been accomplished by the Power of Attorney."

{¶25} Upon review, we find the trial court's decision as to the best interests of the child is substantiated by the record, and the failure to continue custody with appellee would have a detrimental effect on the child.

{¶26} Assignment of Error II is denied.

{¶27} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ William B. Hoffman_____

                                    JUDGES


SGF/sg 305

[Cite as *Thompson v. Downing*, 2013-Ohio-1051.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EMILY ELISABETH THOMPSON, ET AL. | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DARREN RAY DOWNING | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011 AP 10 0038 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is affirmed.  Costs to appellants.

s/  Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ William B. Hoffman_____

JUDGES